IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARREN HUFFMAN, | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 3:22-cv-2029 |
| vs. | ) | |
| | ) | |
| UNITED STATES STEEL | ) | |
| CORPORATION, | ) | |
| d/b/a US Steel, | ) | |
| | ) | |
| **Serve:** | ) | |
| **Registered Agent** | ) | |
| **Illinois Corporation Service Company** | ) | |
| **801 Adlai Stevenson Drive** | ) | |
| **Springfield, IL 62703** | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW Plaintiff DARREN HUFFMAN, by and through counsel, and for their

Complaint against Defendant UNITED STATES STEEL CORPORATION, state to this

Court as follows:

## PARTIES

1.      Plaintiff Darren Huffman ("Plaintiff" or "Mr. Huffman") is a United States citizen

who at all times relevant herein resided in Madison County, Illinois.

2.      Defendant United States Steel Corporation   (hereinafter "US Steel" and/or

"Defendant") at all times relevant to this actions, was a Delaware Corporation in good

standing and is qualified and registered to transact business in the State of Illinois as a

foreign corporation and transacts business at 2001 State Street, Granite City, IL 62040.

## JURISDICTION AND VENUE

3.      Plaintiff seeks to recover damages under an Act of Congress which provides for the protection of civil rights, namely the Americans With Disabilities Act ("ADA"). This Court has jurisdiction over these matters pursuant to 28 U.S.C. §1331 and §1343(a)(4).

4.      Defendant is located in this district. The claims giving rise to this Complaint occurred within this district. Pursuant to 28 U.S.C. §1391(b) and (c) venue in this Court is proper.

## FACTS

5.      Plaintiff is an adult male who suffers from at least one or more disabilities as that term is defined under the ADA in that it/they cause him to be substantially limited in one or more daily life activities, including lifting.

6.      Plaintiff could perform his job with or without a reasonable accommodation.

7.      Plaintiff worked for Defendant for approximately 17 years prior to becoming disabled, working as a steel worker until about 2012 when he injured himself working in the Portable Burning area.

8.      Plaintiff's back injury was diagnosed as a ruptured disc and has permanent pain and limitations as a result.

9.      Plaintiff had surgery and was off from work for about 7 – 8 months.

10.     Plaintiff returned to work in 2012 with a restriction that he not lift more than 25 pounds.

11.     He began working in the Stocking area were slabs of steel are stacked.

12.     The Stocking area required computer skills, walking and very little lifting.

13.     Plaintiff worked there for about 8 months until he bid on and received a job as a Ripping Operator.

14.     The Ripping Operator job required walking, standing, bending, lifting, stooping and twisting.

15.     Plaintiff remained in that position until August 2014 when his disability caused him to be unable to perform certain aspects of that position, and Plaintiff called off from work for 2 days.

16.     Upon his return from that short absence, Defendant's doctor placed further, unwarranted restrictions on Plaintiff.

17.     Defendant refused to allow Plaintiff to perform the work of a Ripping Operator, or any other position at US Steel.

18.     Plaintiff requested to be permitted to work in any available position.

19.     At all times there was work available that Plaintiff was able to do, including but not limited to Depiler, Stocker Kress, and various other light duty jobs.

20.     On or about December 2, 2015, Plaintiff presented a release to return to work with only a 25 pound lifting restriction.

21.     Defendant refused to accommodate Plaintiff's reasonable request to return to work in any position or on light duty.

22.     Defendant considered Plaintiff to be disabled.

23.    Defendant has a pattern and practice of refusing to let disabled employees, including those who have been hurt o the job, to return to work.

24.    Plaintiff filed a charge of discrimination which is attached to this Petition, incorporated hereinto, and marked as Exhibit 1.

25.    Plaintiff has received his right to sue letter from the Equal Employment Opportunity Commission, which is attached, incorporated hereinto, and marked as Exhibit 2.

26.    This lawsuit is timely.

## Count I

## DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 USC SEC 12101 et seq.

COMES NOW Plaintiff Darren Huffman, by and through counsel, and for his First Cause of Action against Defendant United States Steel Corporation states as follows:

27.    Plaintiff repeats and re-alleges the facts contained in paragraphs 1 through 26 as if fully set forth herein.

28.    Plaintiff was discriminated against on the basis of his disability or disabilities, and was denied a reasonable accommodation.

29.    Defendant maintains a discriminatory policy which denied disabled individuals the ability to return to work, with or without a reasonable accommodation.

30.    Defendant perceived Plaintiff to be disabled.

31.    Defendant knew or should have known of the discrimination of Plaintiff.

32.     As a direct and proximate result of Defendant's conduct alleged herein, Plaintiff has been damaged and he has suffered and continues to suffer emotional distress and economic harm.

33.     Defendant's actions were done wantonly, with malice and reckless indifference and, therefore, warrant an award of punitive damages in order to punish Defendant to serve as an example or warning to others not to engage in such conduct.

        WHEREFORE, Plaintiff Darren Huffman prays that this Court, after trial by jury, find in favor of Plaintiff and against Defendant, and enter judgment for Plaintiff for injunctive relief prohibiting such discrimination, compensatory damages, including damages for emotional distress; for punitive damages; for attorney's fees and costs of litigation; that this Court enjoin defendant from further illegal discriminatory conduct; that this Court reinstate Plaintiff to his job; and that this Court award any and all such other relief as it deems just and proper under the circumstances.

Respectfully submitted,

LAW OFFICES OF DERALD L. GAB, P.C.


/s/ Bret Kleefuss_____
Bret C. Kleefuss, #59175MO
*Pro Hac Vice*
bretcharles@yahoo.com
Law Offices of Derald L. Gab
Attorneys for Plaintiff
1708 Olive Street
St. Louis, MO 63103
Phone: (314) 367-4878
Fax:     (314) 678-3998

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies the foregoing document was e-filed with the Southern District of Illinois and will be served on the Defendants according to federal law on today August 31, 2022.

/s/Bret Kleefuss_____