IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARREN HUFFMAN,

          **Plaintiff,**

v.

          Case No. 3:22-CV-2029-NJR

UNITED STATES STEEL
CORPORATION,

          **Defendant.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a motion for leave to maintain seal filed by Defendant United States Steel Corporation (USS). (Doc. 99). On June 9, 2026, USS filed its motion for summary judgment (Doc. 95), its memorandum in support (Doc. 96), and its supporting exhibits (Doc. 97). However, nine of its sixteen supporting exhibits consisted solely of an otherwise blank placeholder page marked "confidential." (Docs. 97-3, 97-5 to -6, 97-8, 97-11 to -14, 97-16). USS then filed those nine exhibits under seal (Doc. 98) and requested leave to maintain that seal (Doc. 99). Plaintiff Darren Huffman has consented to this request. *Id.* ¶ 18. As explained below, the Court orders the parties to file supplemental briefing on the question.

### BACKGROUND

This case involves claims of disability discrimination and retaliation against USS by Huffman, one of its former employees. (Doc. 62). Huffman alleges that USS refused to accommodate his disability, which resulted from an injury he received on the job, refused

to let him return to work, and retaliated against him. *Id.* After a lengthy and frequently contentious period of discovery (*see, e.g.*, Doc. 87), the parties seem to have begun to cooperate to get this litigation on track (for which the Court commends them). USS has filed its dispositive motion, and Huffman's response will hopefully follow.

**DISCUSSION**

Almost everyone has information they would prefer to keep private. This is no less true in litigation; parties seek and often secure "broad secrecy agreement[s]" for the purposes of discovery[1] to "expedite that process by avoiding document-by-document analysis." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002). And, frequently, parties will want to keep information private even after discovery ends, requesting to file documents under seal: that way, the Court can resolve the parties' dispute without revealing information the parties would rather keep to themselves.

But there exists an extremely well-established and longstanding presumption that "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *accord, e.g., Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (Posner, J., in chambers); *Baxter Int'l*, 297 F.3d 544; *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567–68 (7th Cir. 2000); *Pepsico, Inc. v. Redmond*, 46 F.3d 29 (7th Cir. 1995) (Easterbrook, J., in chambers); *In re Krynicki*, 983 F.2d 74 (7th Cir. 1992) (Easterbrook, J., in chambers). While the presumption can be rebutted, the Court cannot function as a rubber stamp and "allow[] the parties to

---

[1] So too in this case. (Doc. 34).

seal whatever they want, for . . . . [t]he judge is the primary representative of the public interest in the judicial process." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citing Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 HARV. L. REV. 427, 492 (1991)).

To rebut that strong presumption, a party must demonstrate good cause. *Benson v. City of Indianapolis*, No. 24-cv-00839, 2025 WL 3637013, at *1 (S.D. Ind. Dec. 15, 2025) (citations omitted). Good cause exists, for instance, to protect trade secrets, *id.*, or if there exist "compelling reasons of personal privacy," *Monroe v. Baldwin*, No. 18-CV-156, 2019 WL 2409572, at *1 (S.D. Ill. June 7, 2019) (quoting *Goesel*, 738 F.3d at 833). But "[i]t is not enough to merely assert that disclosure would be harmful; a party must explain *how* disclosure would cause harm." *Benson*, 2025 WL 3637013, at *1 (emphasis added) (citing *Baxter Int'l*, 297 F.3d at 547).

USS's motion fails to satisfy. It asks this Court to leave under seal nine exhibits: one "Business Labor Agreement" (BLA) between USS and its union, and eight documents containing Huffman's "medical records and medical information."[2] (Doc. 99, ¶¶ 9–10, 13). In support of its request, USS invokes this Court's Protective Order (Doc. 34), issued during discovery, which directed the parties to file under seal materials they had designated as "confidential" (Doc. 99, ¶¶ 6, 17). It argues that good cause exists to seal the exhibits concerning Huffman's medical information because they "concern sensitive

---

[2] It also asks to be excused from the requirement of this Court's local rules that it must file redacted versions of the exhibits filed under seal "to the extent redaction would be impracticable, would not adequately protect the sensitive information at issue, or would leave the exhibits with little meaningful content." (Doc. 99, ¶ 19).

medical and disability-related information, including Plaintiff's medical history, treatment, diagnoses, medications, physical limitations, work restrictions, and disability-related records," such that "[p]ublic disclosure of those records would unnecessarily expose private medical information that is not appropriate for unrestricted public access." *Id.* ¶ 12. And it argues that good cause exists to seal its BLA because (a) it was marked "confidential," (b) it "contains confidential business, operational, labor-relations, employee-benefit, staffing, rate-of-pay, protocol, grievance, and termination information that is not generally available to the public," (c) it "may contain trade secrets," and (d) its disclosure "could cause competitive and business harm to USS and its union employees." *Id.* ¶ 13.

Although it acknowledges the presumption that documents submitted to the federal courts should be open to public view, USS argues that an order maintaining the seal on these nine exhibits is necessary. *Id.* ¶¶ 14–15. It disavows any "improper purpose" or intention to "unjustifiably interfere with the public's right of access." *Id.* ¶ 15. Instead, it is concerned with the "injustice" that would be suffered by USS and the parties should the Court refuse to grant its motion—an injustice which it characterizes as "manifest." *Id.* ¶ 16. To avoid this manifest injustice, the Court must seal from public view some 452 pages of evidence upon which USS relies in its motion for summary judgment. (Doc. 98; Docs. 95–97, 100). USS calls this request "narrowly tailored." (Doc. 99, ¶ 15).

But how would disclosure of these documents lead to the "manifest injustice" USS and (presumably) Huffman fear? This, to borrow from Judge Frank Easterbrook in *Baxter International*, is not explained. "Why is this sort of [manifest injustice] (whatever it may

Page 4 of 7

be) a legal justification for secrecy in litigation? Not explained." *Baxter Int'l*, 297 F.3d at 547. Although USS provides two citations in its motion (Doc. 99, ¶ 14 (first citing *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); and then citing *McIntosh v. Wexford Health Sources, Inc.*, No. 17-cv-00103, 2023 U.S. Dist. LEXIS 29548, at *1–2 (S.D. Ill. Feb. 22, 2023)), it only cites them for the rule statement that the presumption of public view exists but can be overridden for "good cause." *Id.* What constitutes good cause? Why is good cause found here? And why does good cause exist to seal the entirety of each of the nine exhibits? Again, the Court leans on Judge Easterbrook: "Not explained."[3] Ultimately, the Court cannot simply rely on USS's assertions of confidentiality; if these documents are "vital to claims made in litigation," then "they must be revealed," *Baxter Int'l*, 297 F.3d at 547.

The Court wishes to give the parties an opportunity to explain with the requisite specificity why these exhibits should be filed under seal. To that end, the Court invites the parties to do so. Each party is welcome to file a supplemental brief **on or before June 29, 2026**. Each party's brief should "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Motions that represent serious efforts to apply the governing rules will be entertained favorably . . . . Motions that simply assert a conclusion without the required reasoning, however, have no prospect of

---

[3] It is not enough that the documents were subject to a protective order, *see Baxter Int'l, Inc. v. Abbott Lab'ys*, 397 F.3d 544, 545 (7th Cir. 2002), or that their contents are subject to HIPAA protections, *Benson v. City of Indianapolis*, No. 24-cv-00839, 2025 WL 3637013, at *2 (S.D. Ind. Dec. 15, 2025) (citing *Mitze v. Saul*, 968 F.3d 689, 693 (7th Cir. 2020)), or even that they are private medical records, *e.g.*, *Finnegan v. Baldwin*, No. 20-CV-00218, 2021 WL 365782, at *3 (S.D. Ill. Feb. 3, 2021). Even for private medical information, more is required than the bare assertion of confidentiality or a desire to keep such information private. *E.g.*, *Benson*, No. 24-cv-00839, 2025 WL 3637013, at *2 (S.D. Ind. Dec. 15, 2025) (first citing *Williams v. Billington*, No. 22-CV-1300, 2024 WL 492110, at *3 (S.D. Ill. Feb. 8, 2024); then citing *Finnegan*, 2021 WL 365782, at *3; and then citing *Westedt v. Franklin*, No. 15-CV-129, 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016)).

success." *Baxter Int'l*, 297 F.3d at 548. In particular, the parties should focus on the portions of the exhibits that are likely to be material to the judicial resolution of this dispute (meaning, at a minimum, any portions that have been or are likely to be cited by either party in their statements of material facts and responses thereto). Absent an extraordinarily compelling reason, private information that is "material to issues before the court" must be made public. *Benson*, 2025 WL 3637013, at *2 (first citing *Williams v. Billington*, No. 22-CV-1300, 2024 WL 492110, at *3 (S.D. Ill. Feb. 8, 2024); then citing *Finnegan v. Baldwin*, No. 20-CV-00218, 2021 WL 365782, at *3 (S.D. Ill. Feb. 3, 2021); and then citing *Westedt v. Franklin*, No. 15-CV-129, 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016)).

If there are portions of the nine exhibits that are likely to remain immaterial to the disposition of this case, the parties should identify those portions. *See Goesel*, 738 F.3d at 833 ("[T]he presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption." (quoting *Baxter Int'l*, 297 F.3d at 548)). Such exhibits could remain under seal with a copy filed publicly that kept the immaterial portions redacted. FED. R. CIV. P. 5.2(e)(1); *cf. Westedt*, 2016 WL 2997504, at *1 (hybrid disposition of a motion to seal based on materiality to the court's disposition).

For these reasons, the Court **HOLDS IN ABEYANCE** its ruling on USS's motion for leave to maintain seal (Doc. 99) and **DIRECTS** the parties to file supplemental briefs consistent with this opinion **on or before June 29, 2026**. Failure to do so may result in

Page 6 of 7

denial of USS's motion and the unsealing of the exhibits.

**IT IS SO ORDERED.**

**DATED:    June 15, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**